KEB

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalia Mnatsakanian,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No. CV-26-01435-PHX-SMB (ASB)<br><br>**ORDER** |

Self-represented Petitioner Natalia Mnatsakanian, who is confined in the San Luis Detention Facility, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Order to Show Cause (Doc. 4) and paid the filing fees for this action.

Petitioner is a native and citizen of Russia who has been in immigration detention since September 24, 2024, when her removal proceedings were initiated. On August 20, 2025, an immigration judge (IJ) denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture and ordered Petitioner's removal to Russia. Petitioner's timely appeal of the IJ's decision to the Board of Immigration Appeals remains pending.

In November 2025, Petitioner's prescribed daily hormone therapy medication was discontinued and replaced with a non-equivalent substitute. Petitioner had taken her prescribed medication for approximately five years post-hysterectomy. After her prescribed medication was discontinued, she experienced and continues to experience

severe and worsening adverse symptoms, such as hypertension, dizziness, heart palpitations, difficulty breathing, abdominal pain, hot flashes, and body and facial swelling.

Petitioner contends she has been detained nearly seventeen months without any individualized determination of whether she presents a flight risk or danger to the community. Petitioner argues her current detention without a bond hearing has become unreasonably prolonged and violates the Due Process Clause of the Fifth Amendment. She also states that the interruption of her prescribed hormone therapy regimen renders her continued detention excessive and unreasonable. She seeks immediate release from custody, or in the alternative, an expedited bond hearing.

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Based on Petitioner's allegations, the Court finds Petitioner is subject to mandatory detention and, therefore, not entitled to a bond hearing under statutory or constitutional authority.[1] The Court will dismiss the Petition without prejudice and deny as moot the Motion for Order to Show Cause.

---

[1] Further, as to Petitioner's allegations regarding the interruption of her hormone therapy regimen, to the extent that Petitioner is seeking medical care and access to medication, these claims relate to Petitioner's conditions of confinement, rather than the validity or duration of her confinement. Thus, these claims would arise, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).

- 2 -

**IT IS ORDERED:**

(1)    The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.  The Clerk of Court must enter judgment accordingly and close this case.

(2)    Petitioner's Motion for Order to Show Cause (Doc. 4) is **denied as moot**.

Dated this 23rd day of March, 2026.

Honorable Susan M. Brnovich
United States District Judge